IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAVANNAH LICENSING, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>NUU MOBILE CORPORATION,<br><br>      Defendant. | Case No. 3:22-cv-00226<br><br>JURY TRIAL DEMANDED |

**NUU MOBILE CORPORATION'S**
**PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

## TABLE OF CONTENTS

I. STATEMENT OF FACTS ............................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT ................................................................................................................... 4

    A. Plaintiff Fails to Plausibly Plead Direct Infringement for All Claims Except for Claim 1 of the Patents-in-Suit ................................................................................... 4

    B. Plaintiff Fails to Plausibly Plead Induced Infringement ............................................ 6

    C. Plaintiff Fails to Plausibly Plead Contributory Infringement .................................... 9

IV. CONCLUSION .............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) .................................................................................. 8

*Affinity Labs of Texas, LLC v. Toyota Motor North America, Inc. et al.*,
    2014 WL 2892285 at *4 (W.D. Tex. May. 12, 2014) .................................................. 9, 10

*Aguirre v. Powerchute Sports LLC*,
    2011 WL 2471299 (W.D. Tex. June 17, 2011) ............................................................... 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 3

*Billjco v. Apple Inc.*,
    2022 U.S. Dist. LEXIS 17605 (W.D. Tex. Feb. 1, 2022) .............................................. 12

*Bot M8 LLC v. Sony Corporation of America*,
    4 F.4th 1342 (Fed. Cir. 2021) ......................................................................................... 4

*Bowlby v. City of Aberdeen*,
    681 F.3d 215 (5th Cir. 2012) ...................................................................................... 2, 4

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) ...................................................................................... 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) .................................................................................................... 7

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005) ................................................................................. 5, 11

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) ................................................................................... 5, 7

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) ................................................................................. 7, 11

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) .................................................................................................. 7, 11

*Hypermedia Navigation LLC v. Google LLC*,
    2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ................................................................... 8

*HZNP Medicines LLC v. Actavis Labs. UT, Inc.*,
 940 F.3d 680 (Fed. Cir. 2019) ................................................................................ 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) .............................................................................. 4

*In re Katrina Canal Breaches Litig.*,
 495 F.3d 191 (5th Cir. 2007) .................................................................................. 3

*Joao Control & Monitoring Systems, LLC v. Protect America, Inc.*,
 No. 1-14-cv-00134 (W.D. Tex. Mar. 24, 2015) ..................................................... 8

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
 714 F.3d 1277 (Fed. Cir. 2013) .............................................................................. 4

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
 594 F.3d 383 (5th Cir. 2010) .................................................................................. 2

*Parus Holdings, Inc. v. Apple, Inc. et. al.*,
 Case No. 1-19-cv-432 (W.D. Tex. Jan. 31, 2020) ............................................... 10

*Tierra Intellectual Borinquen, Inc. v. Asus Comput. Int'l, Inc.*,
 2014 U.S. Dist. LEXIS 38570 (E.D. Tex. Mar. 21, 2014) ................................... 12

*Xpoint Techs., Inc. v. Microsoft Corp.*,
 730 F. Supp. 2d 349 (D. Del. 2010) ..................................................................... 11

**Statutes**

35 U.S.C. § 271 ................................................................................................ 8, 9, 10, 13

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................ 4

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Nuu Mobile Corporation ("Nuu") respectfully moves to dismiss Plaintiff Savannah Licensing, LLC's ("Plaintiff") direct and indirect infringement claims, as stated in the Original Complaint for Patent Infringement (D.I. 1, dated January 31, 2022). Specifically, Plaintiff has failed to plead <u>any</u> factual support for the direct infringement assertions of Claims 2-29 of the '992 Patent and of Claims 2-10 of the '777 Patent. Plaintiff has also failed to plead sufficient factual allegations with respect to the knowledge and intent requirements for induced infringement. Plaintiff's post-suit inducement allegations are simply restatements of generic legal standards based solely on knowledge allegedly obtained from the Complaint and contain no specific factual allegations evidencing Nuu's intent to induce infringement. Similarly, Plaintiff has failed to plead sufficient factual allegations with respect to the knowledge, intent, and no substantial noninfringing uses requirements for contributory infringement. Given these deficiencies, the Court must dismiss Plaintiff's direct and indirect infringement claims.[1]

## I.    STATEMENT OF FACTS

On January 31, 2022, Plaintiff filed its Original Complaint against Nuu alleging direct, induced, and contributory infringement of U.S. Patent Nos. 8,680,992 ("the '992 Patent) and 9,454,777 ("the '777 Patent") (collectively, the "Patents-in-Suit"). D.I. 1. Plaintiff has attempted to cast a wide net and asserted all 29 claims of the '992 Patent and all 10 claims of '777 Patent. *Id*. at ¶¶ 8, 16. However, nowhere in the Complaint has Plaintiff pled any factual support for infringement of claims 2-29 of the '992 Patent and 2-10 of the '777 Patent. The only attempt to provide any alleged factual support was in the form of charts regarding Claim 1 of the respective

---

[1] Plaintiff's direct infringement assertions of Claim 1 of the '992 Patent and Claim 1 of the '777 Patent are not subject to this 12(b)(6) Motion.

Patents-in-Suit, wherein Plaintiff identified the Nuu Mobile X6 as the Accused Product. D.I. 1-1,1-2.

Plaintiff's basis for alleging that Nuu had or has knowledge of the Patents-in-Suit or knowledge of any purported infringement was "from at least the filing date of the lawsuit." D.I. 1 ¶¶ 11, 12, 18, 19. Plaintiff has not alleged pre-suit knowledge of the Patents-in-Suit. Plaintiff's inducement and contributory infringement claims are merely formulaic recitations of legal standards and legal conclusions that offer no factual support. *Id*.

## II.  LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleadings in patent infringement cases, provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As the Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Accordingly, Plaintiff's Original Complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Court "accepts all well-pleaded facts as true" and "view[s] them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotation marks omitted), "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Prior to its relatively recent abrogation, Rule 84 of the Federal Rules of Civil Procedure provided that form pleadings automatically satisfy the pleading requirements of Rule 8(a). In practice, compliance with Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282-85 (Fed. Cir. 2013). Form 18 pleadings in patent cases required only the following to state a claim for direct infringement: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, or using the device embodying the patent; (4) a statement that the plaintiff has given [*8] the defendant notice of its infringement; and (5) a demand for an injunction. Given the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims. Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the

3

assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby*, 681 F.3d at 217. The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device. *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of infringement alone, however, is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id*. at 1306.

To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

### III. ARGUMENT

**A.  Plaintiff Fails to Plausibly Plead Direct Infringement for All Claims Except for Claim 1 of the Patents-in-Suit**

Almost all of Plaintiff's direct infringement claims should be dismissed because Plaintiff failed to plead any facts that would plausibly establish a direct infringement claim under 35 U.S.C. § 271(a). Specifically, Plaintiff's direct infringement claims regarding Claims 2-29 of the '992 Patent and Claims 2-10 of the '777 Patent are utterly devoid of any factual allegations supporting a plausible inference that Nuu's "products and services" actually practice the claimed elements. In fact, Plaintiff only asserts these Claims in passing in ¶¶ 8, 16, respectively. For example, in ¶ 8:

> "Nuu Mobile designs, manufactures, markets and sells systems and processes for providing user feedback from a device, *that infringe one or more claims of the '992 patent, including one or more of claims 1-29*, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '992 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it." (emphasis added).

A copy and paste version of the foregoing is found in ¶ 16 regarding the '777 Patent. These cited paragraphs are the full extent of the mention of Claims 2-29 of the '992 Patent and Claims 2-10 of the '777 Patent in the Complaint.

While Plaintiff does provide a chart regarding respective Claims 1 of the Patents-in-Suit, no such chart was provided for the remaining asserted claims. Even if a detailed chart is not required at this early pleading stage, Plaintiff has not plead **any** factual allegations to draw a reasonable inference of infringement of Claims 2-29 of the '992 Patent and Claims 2-10 of the '777 Patent by Nuu's "products and services" so as to put Nuu on notice of the claims against it.

Such assertions are merely legal conclusions of infringement and are textbook unadorned, the-defendant-unlawfully-harmed-me accusations. As such, the direct infringement claims regarding Claims 2-29 of the '992 Patent and Claims 2-10 of the '777 Patent must be dismissed as not plausibly plead.

### B.     Plaintiff Fails to Plausibly Plead Induced Infringement

Plaintiff's induced infringement claims should be dismissed because Plaintiff failed to plead any facts that would plausibly establish several elements of an induced infringement claim under 35 U.S.C. § 271(b). To state a claim for inducement under § 271(b), a plaintiff must plausibly allege (1) that there is direct infringement; (2) that the accused infringer induced the infringement; and (3) that the accused infringer knew or should have known that its actions would induce actual infringement. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1331 (Fed. Cir. 2010) (citing *DSU*, 471 F.3d at 1304). The knowledge component requires not only knowledge of the patent but also knowledge that "the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 764 (2011)). "The mere knowledge of possible infringement by others does not amount to inducement," rather, a plaintiff must demonstrate "specific intent and action to induce infringement." *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017), cert. denied, 138 S. Ct. 2621 (2018). Here, Plaintiff has failed to plead sufficient factual allegations with respect to the intent and knowledge requirements.

Regarding the intent element, Plaintiff fails to plausibly plead facts sufficient to support a finding of specific intent to encourage infringement. *HZNP Medicines LLC v. Actavis Labs. UT, Inc.*, 940 F.3d 680, 701 (Fed. Cir. 2019) ("To prove inducement, a plaintiff must present evidence of active steps taken to encourage direct infringement; mere knowledge about a product's

6

characteristics or that it may be put to infringing uses is not enough.") (citation omitted). The mere recitation of conclusory claim elements is insufficient to plead inducement. *Joao Control & Monitoring Systems, LLC v. Protect America, Inc.*, No. 1-14-cv-00134, D.I. 74 at 9 (W.D. Tex. Mar. 24, 2015) (dismissing claims of induced infringement where the complaint's allegations of induced infringement were "conclusory statements that merely mirror the elements of the cause of action."); *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement. In no way does the complaint detail how an end user would infringe Hypermedia's patents."). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" does not plead facts permitting the court "to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

Here, Plaintiff conclusory states that "Nuu Mobile has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–29 of the '992 patent, literally or under the doctrine of equivalents." D.I. 1 ¶ 11. A similar statement is made in ¶ 18 regarding the '777 Patent. These naked statements contain no specific factual allegations evidencing Nuu's specific intent and action to induce infringement. Therefore, Plaintiff's induced infringement claims must be dismissed in their entirety.

Regarding the knowledge element, Plaintiff attempts to impart knowledge of the Patents-in-Suit on Nuu based on the Original Complaint itself. D.I. 1 ¶¶ 11, 18. However, Plaintiff's Complaint cannot itself give rise to, or form the basis of, a post-suit inducement claim. In fact,

Courts have dismissed claims of induced infringement where the complaint did not allege pre-suit knowledge and knowledge was plead solely on the basis of the complaint itself as "[s]uch allegations are not sufficient to satisfy the pleading standard established in *Iqbal* and *Twombly*." *Affinity Labs of Texas, LLC v. Toyota Motor North America, Inc. et al.*, 6-13-cv-00365, 2014 WL 2892285 at *4 (W.D. Tex. May. 12, 2014) (granting motion to dismiss claims of induced infringement where complaint alleged that "Toyota at least has knowledge of the '191 and '680 patents as of the date of the Complaint" (*3) and "[t]he complaint does not express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes Toyota's conduct or knowledge pre-lawsuit" (*4)); *see also Affinity Labs of Texas, LLC v. BlackBerry Limited et al.*, 6-13-cv-00362 D.I. 56, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014), *Affinity Labs of Texas, LLC v. Samsung Electronics Co., Ltd. et al.*, 6-13-cv-00364 D.I. 63 (W.D. Tex. Apr. 30, 2014).

Moreover, Courts in this District have dismissed claims of indirect infringement where the complaint's sole factual basis for knowledge of the asserted patent and of infringement was the complaint itself, and the plaintiff made only generalized allegations of indirect infringement. *Parus Holdings, Inc. v. Apple, Inc. et. al.*, Case No. 1-19-cv-432, D.I. 107, Transcript at p. 15:13-49:19 (W.D. Tex. Jan. 31, 2020) (granting motion to dismiss indirect infringement claims and willful infringement claims), D.I. 101 (minute entry granting motions to dismiss), D.I. 26 (motion to dismiss).

As discussed above, Plaintiff again relies solely on its own complaint to establish knowledge of the asserted patents as well as knowledge of infringement, alleging that "Nuu Mobile has known of the '992 patent and the technology underlying it from at least the filing date of the lawsuit." D.I. 1 ¶11; *see also* ¶18. However, like in *Parus* and in *Affinity Labs v. Toyota*, "the

complaint is devoid of any reference of actual intent or knowledge of induced infringement on the part of [Defendant]. Rather, Plaintiff merely relies on the existence of the complaint to satisfy the knowing element for its induced infringement claim." *Affinity Labs v. Toyota*, 2014 WL 2892285 at *4. "To the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports LLC*, No. SA-10- CV-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011); *see also, e.g., Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"). Furthermore, Plaintiff provides no factual support for, nor even an allegation of pre-suit knowledge. Consistent with *Parus*, the Court should similarly dismiss Plaintiff's induced infringement claim in this case.

### C. Plaintiff Fails to Plausibly Plead Contributory Infringement

Plaintiff's contributory infringement claims should be dismissed because Plaintiff failed to plead any facts that would plausibly establish any of the elements of a contributory infringement claim under 35 U.S.C. § 271(c). To state a claim for inducement under § 271(c), a plaintiff must plausibly plead (1) that there is direct infringement, (2) that the accused infringer knew that the combination for which its components were being made was both patented and infringing, (3) that the component has no substantial noninfringing uses, and (4) that the component is a material part of the invention. *Fujitsu*, 620 F.3d at 1326 and 1330; *see also Cross*, 424 F.3d at 1312 ("In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses.") (citation and internal quotation marks

omitted). The knowledge element requires knowledge of the existence of the patent and knowledge that the component infringes. *See Glob.-Tech*, 563 U.S. 754 (2011).

Here, Plaintiff's Original Complaint does not identify the "material or apparatus" that contributes to the infringement of its patents. In ¶ 12, Plaintiff conclusory states that "Nuu Mobile has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and processes for providing user feedback) such as to cause infringement of one or more of claims 1–29 of the '992 patent, literally or under the doctrine of equivalents." A similar statement is made in ¶ 19 regarding the '777 Patent. From these statements it is unclear even what the identified material or apparatus that contributed to the infringement should be beyond Nuu's generic "products and services." Moreover, actively encouraging or instructing others to infringe is not an element of contributory infringement.

With no contributing apparatus identified, Plaintiff cannot and does not plausibly plead the remaining elements. Plaintiff fails to make no more than conclusory allegations that the unspecified apparatus has no substantial noninfringing uses: "Further, there are no substantial noninfringing uses for Defendant's products and services." D.I. 1, ¶¶ 12, 19. Even if the contributing apparatus is, *arguendo*, the Nuu Mobile X6, the substantial noninfringing uses of a smart phone need not be enumerated here. *See Tierra Intellectual Borinquen, Inc. v. Asus Comput. Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 U.S. Dist. LEXIS 38570, at *5 (E.D. Tex. Mar. 21, 2014) (finding that a mobile phone "no doubt" had substantial noninfringing uses beyond the claimed method for authenticating user signatures, but finding contributory infringement adequately pleaded where the accused component was not the phone itself but "authentication methods"); *see also Billjco v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 U.S. Dist. LEXIS 17605 (W.D. Tex.

Feb. 1, 2022) (finding that an allegation that iPhones have no substantial noninfringing uses without any support is conclusory).

Regarding the knowledge element, Plaintiff fails to make no more than conclusory allegations that Nuu knew that the combination for which its unspecified products and services were being made was both patented and infringing: "Moreover, Nuu Mobile has known of the '992 patent and the technology underlying it from at least the filing date of the lawsuit." D.I. 1 ¶ 12; *see also* ¶ 19. This knowledge allegation is at worst nonsensical in a contributory infringement context and at best provides no support for post suit contributory knowledge of the Patents-in-Suit nor of any infringing acts. Furthermore, Plaintiff provides no factual support for, nor even an allegation of pre-suit knowledge. Moreover, the conclusory no substantial noninfringing uses allegation does not support an inference of the knowledge element. Finally, Plaintiff is wholly silent on the material part of the invention element. For these reasons, the Court should similarly dismiss Plaintiff's contributory infringement claim in this case.

### IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims for direct and indirect infringement of the Patents-in-Suit.

DATED: April 6, 2022                    Respectfully submitted,
                                        By: */s/ Hao Ni*
                                        Hao Ni
                                        Texas Bar No. 24047205

                                        **NI, WANG & MASSAND, PLLC**
                                        8140 Walnut Hill Ln., Ste. 500
                                        Dallas, TX 75231
                                        Tel: (972) 331-4603
                                        Fax: (972) 314-0900
                                        E-mail: hni@nilawfirm.com

                                        *ATTORNEY FOR NUU MOBILE CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        */s/ Hao Ni*
                                        Hao Ni